# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CLAIRE E. McWILLIAMS, | ) | CASE NO.: 5:19CV2363 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Claire Elizabeth McWilliams to the Report and Recommendation ("R&R") of the Magistrate Judge.   On August 26, 2020, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of McWilliams' application for benefits.   On September 8, 2020, McWilliams objected to the R&R.   On September 22, 2020, the Commissioner responded to the objections.   The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

In her first objection, McWilliams asserts that the "R&R and the ALJ cherry picked the restrictions from the comprehensive neuropsychological evaluation."  Doc. 18 at 2.  McWilliams contends that the ALJ failed to take into consideration that "her variable attention and executive dysfunction impacted her ability to work near others without being distracted, tolerating change, punctuality and independently initiating and completing tasks efficiently." Doc. 18 at 1.  Initially this Court notes that the Sixth Circuit has found the allegation that an ALJ cherry-picked evidence unavailing on appeal, agreeing with the court below that such an "allegation is seldom successful because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. Apr. 3, 2014) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (finding "little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence.")).

Moreover, in raising her argument, McWilliams ignores that the ALJ expressly opined that the limitations above had been considered:

> Although noting the claimant had strength in intellectual functioning, Dr. Long assessed impairment in executive functioning and attention. She opined that the claimant was markedly limited in remembering detailed instructions and complex procedures, as well as carrying out detailed instructions (Ex C39F, 30), which I considered in limiting the claimant to simple, routine and repetitive tasks. These limitations are also accommodative of her anxiety and depression that Dr. Long opined markedly impacted her motivation and ability to tolerate frustration. Dr. Long further opined that her variable attention and executive dysfunction impacted her ability to work near others without being distracted, tolerating change, punctuality and independently initiating and completing tasks efficiently. In addition, she opined that difficulty in social communication and rigid thinking would interfere with her ability to relate to supervisors and coworkers as well as tolerate change (id.). Therefore, I limited the claimant to occasional and superficial contact with coworkers and the public, noting she would not have to engage in situations with inherent frustrations related to arbitration, negotiation,

confrontation, directing the work of others, persuading others or being responsible
for the safety and welfare of others.

Doc. 17 at 17 (R&R citing ALJ Hearing Transcript at 24-25).  McWilliams has not raised any

argument that would rebut the plain language of the ALJ's statements that Dr. Long's limitations

were properly incorporated into the RFC.   Her first objection lacks merit.

McWilliams next contends that the R&R and ALJ erred when they concluded that Dr.

Bavis' limitations should be temporally limited.   McWilliams effectively asserts that because Dr.

Bavis was a treating neurologist that no limitation should have been imposed on his opinion.   In

so doing, McWilliams ignores that the first time that Dr. Bavis opined that McWilliams be limited

to light work, he tied his opinion directly to her lingering concussion symptoms.   As such, this

Court finds no error in the R&R's conclusion that the ALJ was reasonable to conclude that Dr.

Bavis' suggested limitations were related to the time period while McWilliams continued to suffer

the lingering effects of a concussion.   As such, McWilliams' second objection also lacks merit.

Finally, McWilliams contends that the R&R and ALJ erred when they failed to include all

of the accommodations her previous employer had permitted when forming the RFC.   In resolving

this issue, the ALJ noted: "(1) "[the employer] acknowledges that the claimant became an

employee as a favor to a friend" and "cannot be considered a disinterested third party witness

whose reports of restriction in functioning would not tend to be discolored by his relationship and

a natural tendency to agree with the symptoms and limitations the claimant alleges"; and (2) "he

is not medically trained to make exacting observations as to degrees of medical signs and

symptoms, or of the frequency or intensity of unusual moods or mannerisms." Doc. 17 at 25 (R&R

citing ALJ Hearing Transcript at 25).   In other words, the ALJ concluded that because

McWilliams was hired by a friend as a favor, the friend's willingness to accommodate McWilliams

did not automatically create limitations that were medically necessary and therefore required to be

included in the RFC.   In her objections, McWilliams has not offered any argument about a specific prior accommodation that the medical evidence demonstrates was necessary but was not included in the RFC.   Instead, she appears to focus on the erroneous belief that ALJ found she had not been previously working under accommodations.   As noted above, the ALJ found that McWilliams had been granted numerous accommodations by her prior employee.   The ALJ then correctly concluded that those prior accommodations were not *all* required by the medical evidence and therefore did not include all of them in his RFC.   McWilliams' final objection lacks merit.

For the reasons stated above, McWilliams' objections are OVERRULED.   The R&R is ADOPTED IN WHOLE.   The decision of the Commissioner is hereby AFFIRMED.

Dated: <u>December 1, 2020</u>         <u>     /s/ John R. Adams               </u>
                                        JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE